Theoretically the nexus of the claims of the Madison County plaintiffs with Lowndes County could be that most of the Madison County plaintiffs' liability witnesses, expert witnesses, and lawyers would be in Lowndes County trying the very same liability issues in the claims of the Lowndes County plaintiffs. While Masonite and International Paper argue to us that they plan to seek a separate trial for the claims of each of the plaintiffs, the mandamus materials submitted by Masonite and International Paper do not establish that they presented any such argument to the trial judge to prevent him from determining that the liability witnesses, expert witnesses, and lawyers for all of the Madison County plaintiffs and the Lowndes County plaintiffs, as well as for the two defendants, could conclude all of their work on all of the claims in one comprehensive proceeding in Lowndes County.
The Madison County plaintiffs (the respondents presently before us), however, have included no evidentiary materials with their answer and brief to establish such a sameness of witnesses. The respondents' only presentation to us to this effect is argument, contained in this one sentence:
 "There is . . . no question that the evidence relating to the claims of each plaintiff is substantially the same, particularly the evidence relating to manufacture and distribution of the siding, advertising by the defendants, the warranties of the defendants, and fraud by the defendant."
The convenience of the parties and witnesses in a forum non conveniens
inquiry cannot be established by mere argument without proof or stipulation.
The evidentiary material submitted by the petitioners Masonite and International Paper consists of answers to interrogatories, which establish not only that the houses of the Madison County plaintiffs are located in Madison County but also that several named witnesses and several companies who or which participated in the construction or maintenance of houses are likewise located in Madison County. This state of the evidence before us is what defeats these respondent-plaintiffs' right to choose their forum.